**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| HENRRY S-S., | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-00270 |
| MIGUEL VERGARA, *et al.,* | § | |
| "Respondents." | § | |
| | § | |

## <u>ORDER</u>

Before the Court are "Petitioner's Emergency Motion for Temporary Restraining Order and Injunctive Relief" (Dkt. No. 22) ("TRO"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 20) ("Response"), and Respondents' "Response to Petitioner's Emergency Motion for Temporary Restraining Order and Injunctive Relief" (Dkt. No. 26) ("TRO Response"). For these reasons, Petitioner's TRO (Dkt. No. 22) is **GRANTED in part and DENIED in part.**

## I.    BACKGROUND

Petitioner is a Venezuelan national, Dkt. No. 22 at 2, who entered the United States without permission on December 20, 2023. Dkt. No. 18 at 5. Shortly thereafter, immigration officials apprehended Petitioner and charged him as "being present in the United States without being admitted or paroled." *Id.* On December 21, 2023, Petitioner was conditionally released from custody on an order of recognizance. *Id.* at 6.

Petitioner lived in Chicago, Illinois for almost two years after his conditional release. *Id.* at 5. During that time, he pursued asylum status. *Id.* On September 17, 2025, while Petitioner was on his way to work, he was arrested and detained by immigration officials. *Id.* at 6. He was transferred to Port Isabel Detention Facility in Los Fresnos, Texas, where he now remains detained. Dkt. No. 22 at 2. Respondents claim 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") authorizes this detention. Dkt. No. 20 at 4.

## II.    LEGAL STANDARD

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and

1

irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

## III. DISCUSSION

The Court has habeas jurisdiction to consider the "extent of the Government's detention authority under the 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). Insofar as Petitioner challenges Respondents' statutory authority to detain him and not any specific discretionary actions, his Petition is properly before the Court. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).[1]

The Court finds that Petitioner's challenge to Respondents' use of 8 U.S.C. § 1225(b)(2) to detain him merits emergency relief.

To warrant emergency relief, there must be a substantial likelihood that § 1225(b)(2) is unlawfully applied to Petitioner. The Court holds emergency relief is warranted. § 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). This provision is misapplied to Petitioner. He is not currently seeking *admission*, which is defined by the statute as "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). The Court finds that because Petitioner entered the United States in 2023, Dkt. No. 18 at 5, he is not currently seeking admission and cannot be subject to § 1225(b)(2).

The remaining factors similarly tilt in favor of emergency relief. Petitioner is subject to irreparable harm from continued detention, which has constrained his physical liberty and impaired his physical and mental health. *See* Dkt. No. 22 at 2. The balance of the equities and public interest also skew toward Petitioner. Since Respondents have other statutory means to detain petitioner, *see, e.g.*, 8 U.S.C. § 1226(a), the Court finds they can maintain the status quo with minimal disruption.

---

[1] If Petitioner challenges specific discretionary actions and not just review of the government's "claim of authority," the Court declines to consider said challenges for lack of jurisdiction to do so. *Nielsen*, 586 U.S. at 401.

## IV.    CONCLUSION

For these reasons, Petitioner's TRO (Dkt. No. 22) is **GRANTED in part.**

It is hereby **ORDERED** that Respondents are enjoined from using 8 U.S.C. § 1225(b)(2) against Petitioner, including as a basis for detaining Petitioner, denying him release on bond, or denying him a bond hearing. This Temporary Restraining Order shall **expire at 5:00 p.m. CST on Wednesday, February 11, 2026,** or by Order of the Court. During this time, Respondents shall not transfer or remove Petitioner.

Petitioner's TRO is **DENIED in part** with respect to Petitioner's other claims and requested relief.

Signed on this 28th day of January 2026.

Rolando Olvera
United States District Judge