IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HENRRY S.S.,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-270 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PLAINTIFF'S ACTION FOR FAILURE TO PROSECUTE

Before the Court is Petitioner's "Verified Petition for Writ of Habeas Corpus" (Dkt. No. 13) ("Petition").

Under Rule 41(b) of the Federal Rules of Civil Procedure "a district court may, upon a defendant's motion, dismiss an action for failure to prosecute or to comply with any court order. The district court also has the inherent authority to dismiss an action *sua sponte,* without motion by a defendant." *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). "For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (internal citation omitted). *See also Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *1-2 (S.D. Tex. Aug. 7, 2008) (dismissing Plaintiff's action for failure to prosecute after Plaintiff failed to file an amended complaint or respond to the Court's show cause order). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Id*. (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).

"Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (internal citations omitted). *See also Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (stating that a dismissal with prejudice "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action.").

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Because Petitioner failed to respond to the Court's order asking for additional briefing (Dkt. No. 28) and then failed to respond to this Court's order to show cause (Dkt. No. 29), it is recommended that the Court (1) **DISMISS** without prejudice the Petition (Dkt. No. 13) for failure to prosecute and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Rolando Olvera. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 23, 2026.

Karen Betancourt
United States Magistrate Judge